UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

SIDIKIE COLE,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　 )　　Case No. 1:11-cv-115
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　 )　　Honorable Paul L. Maloney
　　　　　　　　　　　　　　　　　)
ALLEN BYAM,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　**REPORT AND RECOMMENDATION**
　　　　　　Respondent.　　　　　　)
_____　 )

　　　　　This a habeas corpus proceeding brought *pro se* by a federal detainee pursuant to 28 U.S.C. § 2254, challenging his detention by the Department of Homeland Security at the Calhoun County Jail. Petitioner alleges that he has been in detention since January 14, 2011, because of removal proceedings now pending against him as an alien with an aggravated felony conviction. He alleges that he entered a plea of guilty to attempted criminal sexual conduct (3rd degree) and that this conviction is now being relied upon as the basis for removing him from this country. His petition asserts four grounds for relief:

　　　　　1.　　Attempted criminal sexual conduct, 3rd degree, does not constitute an aggravated felony as defined in the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43).

　　　　　2.　　Petitioner's underlying criminal conviction is invalid, because of ineffective assistance of counsel and an involuntary guilty plea.

3. Petitioner's right against self-incrimination was abridged during the removal proceedings.

4. Petitioner is being denied the constitutional right of access to the courts by jail officials.

The district court has discretion to apply the section 2254 rules to other types of habeas corpus cases, such as those brought under section 2241. *See* Rule 1(b), RULES GOVERNING SECTION 2254 CASES. Under Habeas Rule 4, the court is required to dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Upon review of the petition, I conclude that it is indisputably meritless and recommend that the petition be dismissed.

## Discussion

The petition discloses that petitioner, who is apparently an alien, is detained for removal proceedings after he entered a plea of guilty to a charge of attempted criminal sexual conduct, 3rd degree. An alien who has been convicted of an aggravated felony at any time after he has been admitted to the United States is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii). The Immigration and Nationality Act (INA) contains a categorical listing of crimes that qualify as aggravated felonies. 8 U.S.C. § 1101(a)(43). Although the habeas petition is not a model of clarity, it does appear that petitioner entered a guilty plea to attempted criminal sexual conduct, 3rd degree, and that this conviction forms the basis for removal proceedings under the INA. The petition does not clearly disclose whether the removal proceedings are ongoing or concluded, but the status of the removal proceedings is immaterial to the resolution of this case.

The petition raises four grounds, two of which challenge the validity of the removal proceeding, one of which challenges the constitutional validity of the underlying criminal sexual conduct conviction, and one of which complains about the conditions of petitioner's confinement in the Calhoun County Jail. Each ground for relief is meritless on its face.

Grounds 1 and 3 may be analyzed together. In ground 1, petitioner argues that he is not subject to removal under the INA for conviction of an aggravated felony, because attempted criminal sexual conduct, 3rd degree, does not constitute an aggravated felony under the statute. In ground 3, he raises a challenge to the procedures applied in the removal proceedings, alleging that he was denied his right against self-incrimination. It is well settled that the district court lacks subject-matter jurisdiction to review a deportation order. The Real ID Act of 2005 strips the district courts of authority to review removal orders in immigration cases by providing as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). This provision eliminates a petition for writ of habeas corpus as a means for federal district court review of a removal order. *See Muka v. Baker*, 559 F.3d 480, 483 (6th Cir. 2009); *Jaber v. Gonzales*, 486 F.3d 223, 230 (6th Cir. 2007). Consequently, by reason of the Real ID Act, a district court is expressly precluded from considering a petition for writ of habeas corpus that challenges a removal order in an immigration case. *Muka*, 559 F.3d at 484. Section 1252 also

bars the district court from considering a motion for stay of removal proceedings. 8 U.S.C. § 1252(g); *see Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). The sole means for judicial review of an order of removal is to petition for review in the appropriate appellate court. 8 U.S.C. §§ 1252(b)(9), (g); *see Tilley v. Chertoff*, 144 F. App'x 536, 538 (6th Cir. 2005). Consequently, petitioner's attempt to challenge his removability or the validity of the process granted to him in removal proceedings is beyond this court's subject-matter jurisdiction.

In ground 2, petitioner alleges that he was afforded ineffective assistance of counsel in the state-court criminal proceedings and that his conviction was the product of an involuntary guilty plea. This contention is nothing more than a collateral attack on the state conviction. Collateral attacks on the state conviction underlying deportation proceedings are clearly not available in removal proceedings. *See, e.g., Lanferman v. BIA*, 576 F.3d 84, 88 (2d Cir. 2009); *Vargas v. Dep't of Homeland Sec.*, 451 F.3d 1105, 1107 (10th Cir. 2006); *Mansoori v. INS*, 32 F.3d 1020, 1024 (7th Cir. 1994). A habeas petition under section 2254 challenging the constitutional validity of the state-court conviction may be entertained by the district court, but only after petitioner has exhausted all state remedies by appealing his conviction in the state appellate system. 28 U.S.C. § 2254(b)(1)(A); *see Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). The petition (¶ 8) alleges that petitioner has not appealed the judgment of conviction in the state system. Until he does so, this court may not entertain a habeas corpus challenge to the conviction.

In ground 4, petitioner alleges that he is being denied access to the courts by county jail officials. This is a challenge to the conditions of his confinement, which must be raised in an appropriate civil rights complaint, naming the responsible county officials and alleging a plausible claim for relief. Such a civil rights action would be governed by the provisions of the Prison

Litigation Reform Act, including the requirement that petitioner exhaust state remedies before bringing his civil rights claim. *See* 42 U.S.C. § 1997e(a); *see also Napier v. Laurel County, Ky.*, No. 09-6239, ___ F.3d ___, 2011 WL 420503, at * 2 (6th Cir. Feb. 9, 2011); *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). A habeas corpus petition is an inappropriate method by which to raise civil rights claims. Habeas corpus is available only to persons in custody in violation of the federal Constitution, treaties, or laws. 28 U.S.C. §§ 2241(c)(3), 2254(a).

Finally, the district court does have jurisdiction to entertain a habeas corpus petition challenging an alien's detention in excess of the period allowed in 8 U.S.C. § 1231(a)(6). *See Zadvydas v. Davis*, 533 U.S. 678 (2001). The present petition, however, does not allege that petitioner has been detained awaiting deportation for greater than the period allowed by statute, nor does it satisfy petitioner's burden under *Zadvydas* to allege good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. 533 U.S. at 699-700.

**Recommended Disposition**

Petitioner's attempts to challenge a removal order in the district court fall outside this court's subject-matter jurisdiction. His collateral attack on his plea-based criminal conviction may not be maintained in the context of a deportation proceeding and, considered as an original habeas corpus action, must be dismissed for failure to allege exhaustion of state remedies. Finally, petitioner's challenge to the conditions of his confinement must be brought by appropriate civil rights complaint. For these reasons, I recommend that the petition be dismissed.

Dated: February 25, 2011          /s/ Joseph G. Scoville
                                              United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).